JS 6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4875 - (94 CR 339) | **DATE** | 10/11/2000 |
| **CASE TITLE** | EUGENE WASHINGTON vs. UNITED STATES OF AMERICA | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant Eugene Washington's motion to vacate, set aside or correct his sentence [1-1] is denied. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | OCT 13 2000 | 6 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 00 OCT 12 PM 4:59 | 10/11/2000 date mailed notice | |
| sb | courtroom deputy's initials | Date/time received in central Clerk's Office | jad mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EUGENE WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 00 c 4875 (94 CR 339) |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

DOCKETED
OCT 1 3 2000

## MEMORANDUM OPINION AND ORDER

Defendant Eugene Washington moves to vacate, set aside or correct his 360 month sentence pursuant to 28 U.S.C. § 2255.

## BACKGROUND

**I     Trial and direct appeal**

On August 9, 1994, Washington was convicted by a jury of possession of cocaine with intent to distribute, use of telephones to facilitate narcotics offenses, and conspiring to possess and distribute narcotics. On August 19, 1994, this court granted Washington and his co-defendants a new trial with respect to the conspiracy charges, but declined to grant a new trial with respect to the remaining convictions.

On September 16, 1994, during a pre-trial conference prior to the second trial, the government disclosed to Washington's attorney a tape recording of a telephone call between Kurt Cargle and Leon Smith. Cargle and Smith were named as co-defendants in this indictment. Both Cargle and Smith pled guilty to the conspiracy charges and Smith testified as a government witness at the first trial. At some point after Cargle pled guilty, he had a telephone conversation with Smith. Cargle recorded the

conversation without Smith's or the government's knowledge. The tape recording suggests Smith might lie in court in order to receive a more lenient sentence. The government learned of the tape recording after the first trial. Neither Smith nor Cargle testified at the second trial.

On September 23, 1994, Washington and his co-defendants were tried before a second jury on the conspiracy charges. On October 3, 1994, the jury convicted Washington. He was sentenced to 360 months imprisonment on December 21, 1994. Washington obtained new counsel and appealed the conviction. The Seventh Circuit affirmed Washington's conviction and sentence. United States v. Smith, 107 F.3d 13 (7th Cir. 1997). Washington did not file a petition for a writ of *certiorari*.

## II  Post-conviction proceedings

### A  Section 2241 petition

On November 16, 1998, Washington, along with co-defendants Kurt Cargle, Linda Hardison and Tony Hamilton, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. United States ex rel. Eugene Washington v. United States, 98 C 7369 (N.D.Ill. 1998)(Holderman, J.). On December 14, 1998, the petition was dismissed because § 2241 was not applicable. The court ruled petitioners' sole remedy was a § 2255 petition. Id. On January 7, 1999, the defendants moved for reconsideration of the dismissal order. On February 12, 1999, Judge Holderman denied the motion for reconsideration. On April 4, 2000, the Seventh Circuit upheld the district court's dismissal of the § 2241 motion. Washington v. United States, No. 99-2043 (7th Cir. April 4, 2000).

### B  Section 2255 Motion

On August 17, 2000, Washington filed this § 2255 motion. The petition asserts a right to post-conviction relief on the grounds that: (1) the government failed to disclose the tape-recording of the telephone conversation between co-defendants Cargle and Smith, in violation of Brady v. Maryland,

2

373 U.S. 83 (1963); (2) trial counsel rendered ineffective assistance of counsel by failing to inform Washington of the existence of the Cargle-Smith tape recording, not using the tape recording as evidence at his second trial, and not preserving issues relating to the tape recording for direct appeal; (3) the government knowingly presented perjured testimony by Ronald O'Neal; and (4) two affidavits executed by O'Neal constitute "newly discovered" evidence justifying post-conviction relief. The government argues that the first two claims are time-barred and procedurally defaulted and the remaining two claims are without merit.

## DISCUSSION

### I  Claims relating to the Cargle-Smith tape

The government asserts that Washington's two claims relating to the Cargle-Smith tape, the purported Brady violation and ineffective assistance of trial counsel, are time-barred and procedurally defaulted.

#### A  Statute of limitations

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 and placed a one-year statute of limitations on the filing of motions under § 2255. The one-year limitations period begins to run from:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

When no petition for a writ of *certiorari* is filed with the Supreme Court, a judgment becomes final for the purposes of § 2244(d)(1)(A) when the mandate is issued on direct appeal. Gendron v.

United States, 154 F.3d 672, 674 (7th Cir. 1998). Thus, Washington's judgment of conviction became final when the Seventh Circuit issued its mandate on February 18, 1997. The AEDPA one-year statute of limitations expired on February 18, 1998. Washington's claims related to the Cargle-Smith tape were not filed until August 15, 2000 and are thus time-barred under § 2244(d)(1)(A).

The claims are also time-barred under § 2244(d)(1)(D). Washington admits he learned of the existence of the tape in late August 1998. § 2255 Motion ("Mot."), iv. Thus, the facts supporting the claims relating to the tape were known to Washington at least 23 months prior to the filing of his § 2255 motion and the claims are time-barred under § 2244(d)(1)(D).

The AEDPA one-year statute of limitations is subject to equitable tolling. Taliani v. Chrans, 189 F.3d 597 (7th Cir. 1999). Under this doctrine, Washington's failure to file his habeas petition within the limitations period may be excused only if he shows that he "could not, despite the exercise of reasonable diligence, have discovered all the information he needed in order to be able to file his claim on time." Id. at 597-98. In other words, "[e]xtraordinary circumstances far beyond the litigant's control must have prevented timely filing." United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. May 15, 2000). Equitable tolling is granted sparingly. Id. (citing Irwin v. Dep. of Veterans Affairs, 498 U.S. 89, 96 (1990)).

Washington has not proffered any conditions that entitle him to equitable tolling. Washington possessed all the information raised in his § 2255 motion prior to expiration of the statute of limitations. Washington has not advanced any circumstances beyond his control that prevented his timely filing.

Washington does allege that he relied upon the advice of an attorney in proceeding under § 2241 rather than § 2255. Memorandum in Support of Delayed Filing of § 2255 Motion, 6-11.

4

However, "[a] lawyer's mistake is not a valid basis for equitable tolling." Taliani, 189 F.3d 597, 598 (7th Cir. 1999). Thus, Washington has not alleged any facts that would entitle him to equitable tolling, and the claims related to the Cargle-Smith tape are time-barred.

**B      Procedural default**

None of the claims raised by Washington in this § 2255 motion were raised on direct appeal. Smith, 107 F.3d at 13. Constitutional errors not raised on direct appeal may not be raised in a § 2255 motion unless the defendant can demonstrate either: (1) both good cause for his failure to raise the claims on direct appeal and actual prejudice from the failure to raise those claims; or (2) that the district court's refusal to consider the claims would lead to a fundamental miscarriage of justice. McCleese v. United States, 75 F.3d 1174, 1177 (7th Cir. 1996) (citing Reed v. Farley, 512 U.S. 339 (1994)).

**1      Good cause**

Washington has not shown good cause for failing to raise his claim that the government did not disclose the Cargle-Smith tape in violation of Brady v. Maryland. Good cause normally requires a showing of some external objective impediment to the petitioner's presentation of his claim, such as the unavailability of the factual or legal bases for a claim, or interference by state officials. Murray v. Carrier, 477 U.S. 478, 485-487 (1986). The Cargle-Smith tape was disclosed in open court during a pre-trial conference. That conference was transcribed and was part of the record. The record was available to both Washington and his appellate counsel prior to direct appeal. Thus, all necessary

facts were available to Washington when he made his direct appeal and he has failed to allege facts that constitute good cause for his failure to raise the issue of a Brady violation on direct appeal.[1]

Washington also fails to show good cause for not raising his claim of ineffective assistance of trial counsel on direct appeal. Most claims of ineffective assistance of counsel are properly raised for the first time in a § 2255 motion rather than on direct appeal. McCleese, 75 F.3d at 1178. However, "[w]here a defendant offers no extrinsic evidence to support his claim of ineffective assistance of counsel and he was represented by different counsel on appeal, that defendant must bring that claim on direct appeal or face procedural default for failing to do so." Id. Washington alleges his trial counsel was ineffective because he failed to inform Washington of the existence of the Cargle-Smith tape, did not use the tape at Washington's second trial, and did not preserve the issue for appeal. None of these allegations involves evidence outside the record. These issues could have been presented on direct appeal. Washington had different trial and appellate attorneys, so there is no reason his appellate attorney could not have raised an ineffective assistance of trial counsel claim on direct appeal. Dugan v. United States, 18 F.3d 460, 464 (7th Cir. 1994). As a result, Washington has procedurally defaulted his ineffective assistance of trial counsel claim.[2]

---

[1] Even if the Brady claim were not time-barred or procedurally defaulted, it lacks merit. Washington does not dispute that his trial counsel was provided with the Cargle-Smith tape as soon as the government became aware of the tape's existence. Mot., 3. Providing defense counsel with exculpatory evidence when it is acquired satisfies a prosecutor's duty under Brady. United States v. Bagley, 473 U.S. 667, 675 (1985).

[2] Even if Washington's claim of ineffective assistance of trial counsel were not time-barred and procedurally defaulted, it lacks merit. Counsel's failure to introduce the tape at the second trial and to inform Washington of the existence of the tape fall far short of the prejudice Washington is required to show to satisfy Strickland v. Washington, 466 U.S. 668 (1984).

6

### 2     Prejudice

Even if Washington were able to show good cause for his failure to raise his <u>Brady</u> and ineffective assistance of trial counsel claims, he fails to show prejudice. A petitioner may show prejudice by demonstrating there is a reasonable probability the claimed constitutional violation adversely affected the outcome of the trial or appeal. <u>Strickland v. Washington</u>, 466 U.S. 668, 695 (1984). Washington must show not only that the alleged errors created the possibility of prejudice, but they worked to his actual and substantial disadvantage, infecting the entire trial with error of constitutional dimensions. <u>Murray v. Carrier</u>, 477 U.S. 478, 494 (1986).

Washington has failed to demonstrate a reasonable probability that the alleged errors adversely affected the outcome of his trial or appeal. As discussed previously, neither of Washington's claims has merit, and thus there is no prejudice. <u>Cuevas v. Henderson</u>, 801 F.2d 586, 591-92 (2d Cir. 1986). The Cargle-Smith tape's primary significance was to impeach the credibility of Cargle and Smith. The tape was unavailable for the first trial and neither Cargle nor Smith testified at Washington's second trial. Thus, the tape was not relevant at the second trial. Washington has failed to demonstrate that the outcome of his second trial would have been affected if either: (1) the government had disclosed the tape directly to him; or (2) his trial counsel had tried to introduce the tape at the second trial, the outcome of his second trial would have been affected. Thus, Washington fails to demonstrate prejudice.

### 3     Miscarriage of justice

Absent cause and prejudice, a federal court may review a defaulted claim only if a fundamental miscarriage of justice is involved. This occurs where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." <u>Murray</u>, 477 U.S. at 495-96. This standard

7

requires Washington to show that it is more likely than not that no reasonable juror would have convicted him. Schlup v. Delo, 513 U.S. 298, 329 (1995).

Washington fails to allege facts sufficient to show a fundamental miscarriage of justice. Washington has not offered any evidence to show actual innocence, as opposed to legal innocence. This is required to support the finding of a fundamental miscarriage of justice. Sawyer v. Whitley, 505 U.S. 333, 339 (1992).

**II    Presentation of perjured testimony**

Washington alleges the government presented perjured testimony by Ronald O'Neal. Mot., 41-42. O'Neal was a government witness who testified against Washington at both trials. Washington alleges he learned of the facts supporting this claim when O'Neal executed two affidavits in August 1999, attached to the § 2255 motion as exhibits K and L. Because Washington filed his § 2255 motion on August 17, 2000, it is not clear the claim is time-barred by the AEDPA's one-year statute of limitations. Further, because the claim arose after Washington's direct appeal, the claim does not appear to be procedurally defaulted.

However, Washington's claim that the government presented perjured testimony is without merit. "To establish a *prima facie* case that a conviction should be vacated because obtained through the use of perjured testimony, a petitioner must show that the testimony was in fact false and the government used it with actual or constructive knowledge of its falsity." Holleman v. United States, 721 F.2d 1136, 1138 (7th Cir. 1983). Washington has failed to demonstrate the government had knowledge of the falsity of O'Neal's testimony. O'Neal's affidavits were executed five years after Washington's second trial. There is no evidence the government was aware of the purportedly perjurious nature of O'Neal's testimony at the time of trial. Therefore, the claim must be rejected.

8

Schaff v. Snyder, 190 F.3d 513, 529 (7th Cir. 1999) (prosecutor did not knowingly use perjured testimony where witness recanted after trial).

Washington also argues O'Neal admitted committing perjury during the first trial, citing a letter from O'Neal to the government dated August 16, 1994. Mot., Ex. F. This claim appears to be procedurally defaulted, as it could have been presented on direct appeal. Further, if this is a claim that the government knowingly presented false testimony, it lacks merit. This letter was disclosed to the defense as soon as the government received it. The letter was considered when the trial court granted a new trial to Washington on the conspiracy charges. The letter was also used to impeach O'Neal during Washington's second trial. Therefore, the government did not knowingly present perjured testimony, and Washington is not entitled to relief based on this claim.

**III    Newly discovered evidence**

    **A    O'Neal affidavits**

Washington claims the O'Neal affidavits constitute newly-discovered evidence justifying relief under § 2255. Mot., 47. This argument is barred by Rule 33 of the Federal Rules of Criminal Procedure, which requires a motion for a new trial based on newly discovered evidence to be filed within two years of the final judgment. A § 2255 motion may not be used to circumvent this limitation. Guinan v. United States, 6 F.3d 468, 470 (7th Cir. 1993). As a result, Washington's claims of newly discovered evidence must be rejected.

Even if this claim were not time-barred, Washington fails to meet his burden of proving the newly-discovered evidence "would probably lead to an acquittal in the event of a retrial." United States v. Reed, 2 F.3d 1441, 1451 (7th Cir. 1993). It is not clear that O'Neal's affidavits amount to a recantation of his testimony at Washington's trial, as Washington alleges. One of the affidavits

9

states Linda Hardison was not hired to keep illegal records for the Shabazz Meat Company. Washington fails to explain how this evidence has any relationship to his guilt or innocence. The second affidavit relates to the timing and number of drug deals between O'Neal and Cargle. The affidavit does not deny that drug deals took place between O'Neal and Cargle, and it is unclear how this evidence would lead to Washington's acquittal at a new trial. There was ample evidence to convict Washington of all charges, even without the testimony allegedly recanted by O'Neal. Washington's claims that the O'Neal affidavits entitle him to a new trial lacks merit.

### B    Other factual allegations

Throughout his motion, Washington makes various factual allegations to buttress his arguments. All of these allegations contain information that was presumably within Washington's knowledge when his trials took place. Therefore, this evidence is not "newly discovered evidence." Larson v. United States, 905 F.2d 218, 221 (8th Cir. 1990). These factual allegations do not justify relief under § 2255.

### IV    Evidentiary Hearing

Washington requests an evidentiary hearing before this court. A § 2255 motion should be dismissed without a hearing "if it plainly appears from the facts of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." Dugan, 18 F.3d at 464. Washington fails to allege facts that would, if proven, entitle him to relief. Further, all necessary evidence, including the transcripts of the Cargle-Smith tape recording and O'Neal's affidavits, is a part of the record. An evidentiary hearing is unnecessary to decide this motion.

## CONCLUSION

For the foregoing reasons, defendant Eugene Washington's § 2255 motion to vacate, correct, or set aside his sentence is denied.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

October 11, 2000